_____

No. 95-2479
_____

Melvin Anderson,                          *
                                          *
         Appellant,                       *
                                          *  Appeal  from  the  United  States
   v.                                     *  District Court for the
                                          *  Western District of Missouri.
R.H. Rison, Warden, USMCFP,               *
Springfield, MO; S.D. Paciorek;           *            [UNPUBLISHED]
G. Klingingner,                           *
                                          *
         Appellees.                       *


                         _____

              Submitted:  July 16, 1996

                  Filed:  July 26, 1996
                         _____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                         _____

PER CURIAM.


     Melvin Anderson, a federal prisoner, appeals from the  district
court's order denying Anderson leave to proceed in forma pauperis (IFP) and
dismissing without prejudice his complaint alleging violations of his civil
rights in this Bivens[1] action.  We reverse and remand for further
proceedings.


     Anderson alleged that federal prison officials and physicians
unlawfully detained him in the United States Medical Center for Federal
Prisoners at Springfield (USMCFP), placed him in a seclusion stripped cell
for four days which was lighted twenty-four hours a day and had a video
camera, and placed him in a four-point restraint, seized blood, and force-
fed him without his consent for

_____

          [1]Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

the purpose of punishing him and murdering him.  As part of an initial review under 28 U.S.C. § 1915(d), the magistrate judge ordered defendants to show cause why leave to proceed IFP should be denied.

In response, defendants submitted affidavits from a USMCFP  staff attorney and physician attesting to the circumstances under which Anderson was transferred, placed in a seclusion cell, force-fed, and restrained for the purpose of administering medical tests.  The district court concluded Anderson's claims were frivolous, denied him leave to proceed IFP, and dismissed the complaint without prejudice.

We conclude that the district court acted improperly when it ordered defendants to show cause why IFP status should be denied, and then considered (and credited) documentary evidence and affidavits submitted in response, to determine whether Anderson's claims were frivolous.  A decision to grant leave to proceed IFP is to be decided initially on the basis of the complaint; if the complaint is frivolous, it should be dismissed out of hand.  Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214, 217 (8th Cir. 1993).  If the complaint is not frivolous or malicious, IFP status should be granted, and process issued and served.  Id.  The complaint did not contain "claim[s] based on an indisputably meritless legal theory" or present "claims whose factual contentions [were] clearly baseless."  Neitzke v Williams, 490 U.S. 319, 327 (8th Cir. 1992).

Accordingly, we conclude the district court abused its discretion in denying Anderson leave to proceed IFP, and dismissing without prejudice Anderson's complaint.  See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (standard of review). In light of our disposition of this appeal, Anderson's motion for production of documents is moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.